UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LAZARO ROLANDO DE LEON
SANTANA,

                                    Case No. 2:26-cv-396-KCD-NPM

        Petitioner,

    v.

ASSISTANT FIELD OFFICE
DIRECTOR, U.S. IMMIGRATION
AND CUSTOMS ENFORCEMENT
AND REMOVAL OPERATIONS,
MITCHELL DIAZ, IN HIS
OFFICIAL CAPACITY, et al.,

        Respondents.

_____/

## **ORDER**

Lazaro Rolando De Leon Santana has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1.) He claims that the Government's decision to deny him a bond hearing violates his Fifth Amendment rights. (Doc. 1 ¶ 27.) As for relief, he seeks immediate release from custody or, alternatively, a bond hearing under 8 U.S.C. § 1226(a). (Doc. 1 at 6.)[1]

Since filing the petition, Santana was scheduled for a bond hearing before an immigration judge. But just before the hearing, his attorney withdrew the bond request. (Doc. 13-1.) When the Court asked Santana for

---

[1] The Petition is not paginated, so the Court uses the page numbering generated by the CM/ECF filing system.

an update on the situation, nothing was filed. (Doc. 11.) The Government argues that this habeas petition is now moot. (Doc. 10.) The Court agrees, and here is why.

Article III of the Constitution limits federal courts to resolving actual, ongoing controversies. We do not issue advisory opinions, and we do not keep cases on the docket when the underlying dispute has evaporated. *See Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335 (11th Cir. 2001). When Santana filed his petition, his only grievance was that he had been locked up with no mechanism for release. (Doc. 1 at 5.) The Government has since afforded Santana the very opportunity to contest his detention that he asked this Court to provide. Santana simply chose to abandon that opportunity when, through his counsel, he withdrew the request for that exact relief. A petitioner cannot demand a hearing, receive a date for that hearing, walk away from it, and then ask a federal court to intervene because he has not had one. Because the underlying claims in his petition are now fully extinguished, his challenge to his initial, physical detention is moot.

Accordingly, the Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED**. The Clerk of Court is directed to enter judgment, terminate any pending motions, and **CLOSE** this case.

**ORDERED** in Fort Myers, Florida on March 30, 2026.

Kyle C. Dudek
United States District Judge